UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY (COVINGTON)
CASE NO.

**LINDA SMITH**                                                                                          **PLAINTIFF**
2295 Hwy 325
Worthville, Kentucky 41098

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**
200 Hopmeadow Street
Simsbury, Connecticut 06089

      Serve: CT Corporation System
            306 W. Main Street, Suite 512
            Frankfort, Kentucky 40601

---

### COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA

---

COMES NOW Plaintiff, Linda Smith, ("Smith" or "Plaintiff") by counsel, and makes the following representations to the Court, for purposes of obtaining relief from Defendant, Hartford Life and Accident Insurance Company's ("Hartford" or "Defendant"), refusal to pay long term disability ("LTD") benefits due under an ERISA employee benefits plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked under 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Benefit Plan constitutes "plan under ERISA."

2. The relevant portion of ERISA, 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provides a mechanism for administrative or internal

1

appeal of benefits denials. In this case, Plaintiff has exhausted those avenues of appeal and this matter is now properly before this Court for judicial review.

3. Venue is proper in the Eastern District of Kentucky where Plaintiff resides and was employed, 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391, and where Defendant's final denial of benefits was communicated to Plaintiff and therefore, where the breach took place.

## PARTIES

4. Plaintiff was at all times relevant to this action and remains a resident, citizen and domiciliary of the Commonwealth of Kentucky.

5. The Plan, held by Trustees of the Healthcare Benefit Alliance Trust, St. Elizabeth Healthcare, is funded by Hartford Life and Accident Insurance Company Policy # GLT-395325, which, is and at all times relevant hereto was, an "employee welfare benefit plan" as defined by ERISA.

6. Defendant is the party obligated to determine eligibility benefits under the Plan, and the party responsible for paying benefits to the claimants found to be disabled under the Plan.

7. Hartford insures the benefits due under the Plain and is the party obligated to pay any benefits owed to Plaintiff by the LTD Plan.

8. The denial decisions occurred through Hartford's claims office in Lexington, Kentucky.

9. Hartford is an insurance company, authorized to and does transact insurance business in the Commonwealth of Kentucky, and may be served with process at its process agent registered with the Kentucky Department of Insurance: CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

## FACTS

10. Plaintiff was an employee of St. Elizabeth Healthcare at its Kentucky location.

11. St. Elizabeth Healthcare maintained a long-term disability plan for its employees.

12. LTD benefits under the Plan are insured by insurance policy # GLT-395325 issued by Hartford to St. Elizabeth Healthcare.

13. The Plan constitutes an ERISA welfare plan.

14. While Plaintiff was an employee of St. Elizabeth Healthcare, she purchased an LTD policy with and from Hartford, through her employment, and thus became a participant in or beneficiary of the Plan.

15. While covered under the terms of the Plan, Plaintiff ceased work on December 29, 2013, due to symptoms, complications and impairment from a fractured ankle.

16. Plaintiff was no longer able to perform her employment duties and was covered under a policy of LTD insurance with Hartford, entitling her to benefits in sums that exceed the jurisdictional limits of this Court.

17. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

18. Plaintiff filed a claim for LTD benefits and it was initially approved by Hartford.

19. Plaintiff received LTD benefits from the Plan effective date of March 30, 2014, through March 29, 2017.

20. The Policy definition of Disability changed effective March 30, 2017, requiring an inability to perform "Any Occupation for which you are qualified by education, training, or experience."

21. Plaintiff was deemed totally and permanently disabled by the Social Security Administration of the United States of America.

22. On February 20, 2017, Hartford denied Plaintiff's claim for benefits beyond March 30, 2017.

23. Hartford informed Plaintiff that she would no longer be receiving LTD benefits, finding that she "will not continue to meet the definition of Disability" because the Employability Analysis Report (EAR) indicated that "there are multiple occupations in the national economy that you would qualify for…" This is evidenced by letter, a copy of which is attached hereto as Exhibit "A."

24. Plaintiff asserted and exercised her timely right to appeal, completed on September 8, 2017, as evidenced by letter, a copy of which is attached hereto as Exhibit "B."

25. In her appeal, Plaintiff utilized a vocational expert, who opined that Hartford's denial relies on several "inappropriate assumptions," such as believing that Plaintiff "could start in a new position, in a totally new industry and earning the industry average salary."

26. The appeal offered that the appropriate wage information would have been calculated based on the 10th percentile, resulting in earnings below Plaintiff's indexed monthly wage.

27. On November 13, 2017, Hartford advised Plaintiff that her appeal had been denied and the decision was final, as evidenced by letter, a copy of which is attached hereto as Exhibit "C."

28. In the denial letter, Hartford explained that "The Policy definition of Disability changed effective March 30, 2017. To receive LTD benefits effective March 30, 2017, your client must be precluded from performing Any Occupation."

29. Specifically, Hartford determined that the decision calculating Plaintiff's earnings requirement at $8.81 per hour or $1,526.49 per month was correct (being 80% of Plaintiff's indexed monthly wage), and that "the following occupations were identified as a representative sample of occupations within Ms. Smith's functional capabilities, work/education history and that would meet the required earnings potential":

    Gate Guard            $2,147.60
    Appointment Clerk     $2,326.13

30. Despite Plaintiff meeting all criteria for payment of LTD benefits under the Plan she purchased, Hartford wrongfully terminated her benefits and wrongfully denied her appeal.

31. Since March 30, 2017, through the present time, Plaintiff has been eligible for LTD benefit pay as such is defined in the Hartford policy.

32. Plaintiff has fully complied with all required administrative claim processes and procedures, has been improperly and illegally denied benefits, the total sum of which exceeds the jurisdictional limits of this Court, exclusive of interests and costs.

33. Plaintiff brings this action against Defendant pursuant to §502(a) and § 502(e)(1) of ERISA, 29 U.S.C. § 1132(a) and all other avenues afforded her under ERISA.

34. This Court's standard of review for ERISA claims is *de novo* under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989).

35. The actions of Hartford in terminating Plaintiff's benefits were arbitrary, in violation of policy terms, and capricious.

36. Hartford, as the entity that made the decision to deny benefits, would also be the entity to pay the benefits due out of its own funds.

37. Hartford, as the entity that made the decision to deny benefits, was under a perpetual conflict of interest because such benefits would be paid out of its own funds.

38. Hartford, as the entity that made the decision to deny benefits, allowed its concern over its own funds to influence its decision-making.

## COUNT ONE

Plaintiff incorporates the allegations above as if fully restated and further says that:

39. Under the terms of the Plan and Policy, Defendant agreed to provide Plaintiff with LTD benefits in the event Plaintiff became disabled as defined by the Plan.

40. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

41. Plaintiff was receiving benefits which were then terminated by Defendant.

42. Plaintiff requested for LTD benefits to continue, but said request was denied.

43. Defendant failed to provide benefits due under terms of the Plan, and these denials of benefits to Plaintiff constitute a breach of the Plan.

44. The decisions to deny benefits were wrong under the terms of the Plan.

45. The decisions to deny benefits and decision-making process were arbitrary and capricious.

46. The decisions to deny benefits were not supported by substantial evidence in the record.

47. As an ERISA fiduciary, Defendant owed Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

48. Defendant violated the fiduciary duties owed to the Plaintiff.

49. As a direct and proximate result of Hartford's arbitrary and capricious actions, based on the evidence submitted to Hartford establishing that Plaintiff has met the Policy definition of eligibility for LTD benefit pay to continue beyond March 30, 2017, Plaintiff is entitled to payment of her monthly disability insurance payments retroactive to the date the payments were wrongfully ceased, and such benefits must be continued until Plaintiff recovers from her disability, death or becomes age 65, whichever comes first.

**WHEREFORE**, Plaintiff, Linda Smith, prays for the following relief:

1. A Judgment in Plaintiff's favor and against Defendant;

2. An Order requiring Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled pursuant to 29 U.S.C. § 1132(a)(1)(B);

6

3. An Order requiring Defendant to pay Plaintiff prejudgment and post judgment interest on all benefits accrued;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled based on being disabled under the LTD plan in the future, so long as Plaintiff remains disabled under the terms of the Plan;

5. That the Court award Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g);

6. That Plaintiff recover all relief to which she may be entitled, including costs and fees of the suit herein; and

7. Trial by jury on all issues so triable.

Dated this 10 Th day of May, 2018.

Respectfully submitted,

/s/ Steven D. Jaeger
**Steven D. Jaeger, Esq. (KBA #92085)**
*Attorneys for Plaintiff*
The Jaeger Firm, PLLC
23 Erlanger Road
Erlanger, Kentucky 41018
Phone: (859)342-4500
Fax: (859)342-4501

VERIFICATION

Plaintiff, Linda Smith, states that she has read the foregoing Complaint for Recovery of Plan Benefits and Enforcement of Rights Under Erisa and the statements contained therein are as she verily believes.

Linda Smith, Plaintiff

7

COMMONWEALTH OF KENTUCKY

COUNTY OF KENTON

    Subscribed and sworn to before me by Linda Smith this \_\_O9\_\_ day of May 2018.

*[Notary Seal: OFFICIAL SEAL, AMANDA OAKS, NOTARY PUBLIC - KENTUCKY, STATE-AT-LARGE, My Comm. Expires Feb. 26, 2020, ID # 551593]*

*/s/ Amanda Oaks*
Notary Public
Notary ID: _____
Commission Expires on: _____